

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL MCINERNEY, | No. 09-16185 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-00037-LRH-RAM |
| v. | |
| DONALD HELLING and NEVADA ATTORNEY GENERAL, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted November 1, 2010[**]
San Francisco, California

Before: HALL, THOMAS, Circuit Judges, and LASNIK, Chief District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert S. Lasnik, Chief United States District Judge for the Western District of Washington, sitting by designation.

Michael McInerney appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, which challenges his jury conviction and sentences for robbery and attempted murder, both with a victim over the age of 65. McInerney argues that his trial counsel rendered ineffective assistance for not seeking a second competency hearing before trial, and for not investigating McInerney's mental health history at the time of McInerney's criminal conduct. Per the Antiterrorism and Effective Death Penalty Act, he alleges that the Nevada Supreme Court unreasonably applied federal law to his ineffective assistance claims. *See* 28 U.S.C. § 2254(d). We affirm.

Judicial scrutiny of McInerney's counsel's performance must be highly deferential, and McInerney must prove that his defense attorney's representation (1) was deficient, and (2) prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 689 (1984) (articulating the required showing for ineffective assistance of counsel claims). McInerney first argues that his trial counsel rendered ineffective assistance by not moving for a second competency hearing. However, McInerney has not shown that the Nevada Supreme Court unreasonably applied federal law when it determined that McInerney failed to satisfy *Strickland*'s first prong, requiring that his attorney's representation be deficient. The Nevada Supreme Court considered all of the evidence and applicable law

bearing on McInerney's competence, including his claim that changes in his medication regimen negated a prior determination of competency. McInerney's proof of a two-month alteration in his medication regimen, after he was deemed competent, was insufficient to create the requisite reasonable doubt as to his competency. *See Melchor-Gloria v. State*, 99 Nev. 174, 180 (1983) (explaining that a formal competency hearing is required when substantial evidence raises a reasonable doubt as to the defendant's competency). He offered no other proof of his incompetence. Given the evidence presented, the Nevada Supreme Court did not apply federal law in an objectively unreasonable way by concluding that McInerney's representation was not ineffective for not seeking a second competency hearing.

Second, McInerney argues that his trial counsel should have investigated McInerney's mental health history at the time of his criminal acts. Again, McInerney has not shown that the Nevada Supreme Court unreasonably applied federal law when it determined, per *Strickland*, that McInerney's trial representation was not deficient. The Nevada Supreme Court examined McInerney's medical records and reviewed the circumstances of his crime. It considered all of the things McInerney claims should have been investigated by his trial attorney. McInerney's medical records showed that he has a history of

depression, not insanity. Furthermore, the circumstances of McInerney's crime, while strange, do not indicate that he was legally insane. Rather, they indicate that he was trying to avoid responsibility for his actions and was, therefore, not legally insane. *See Finger v. State*, 117 Nev. 548, 576 (2001) ("To qualify as being legally insane, a defendant must be in a delusional state such that he cannot know or understand the nature and capacity of his act, or his delusion must be such that he cannot appreciate the wrongfulness of his act . . . ."). On these facts, the Nevada Supreme Court's application of federal law was not objectively unreasonable.

**AFFIRMED**.